UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER HYDE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAVIT REED, et al.,<br><br>　　　　Defendants. | CIVIL ACTION NO. 4:22-cv-00270<br><br>(SAPORITO, M.J.) |

## **MEMORANDUM**

This is a *pro se* federal civil rights action for damages and injunctive relief, brought under 42 U.S.C. § 1983. The *pro se* complaint was lodged for filing on February 23, 2022, together with a motion for leave to proceed *in forma pauperis*. (Doc. 1; Doc. 2.) That motion was granted, and the complaint was deemed filed on February 25, 2022. (Doc. 5.) The complaint names Davit Reed[1] and the Shamokin Police Department as defendants.

The defendants have entered an appearance through counsel and moved to dismiss the action for failure to state a claim upon which relief

---

[1] In their brief in support, the defendants point out that defendant Reed is incorrectly identified in the complaint as "Davit Reed." The proper spelling of his first name is "David." (Doc. 18, n.1).

can be granted. (Doc. 15). The moving defendants have filed a brief in support of their motion. (Doc. 18). The plaintiff has filed a brief in response to the motion. (Doc. 19). The defendants have filed a reply brief. (Doc. 27).

For the reasons set forth herein, we will grant the motion to dismiss, and dismiss all of the plaintiff's claims against the named defendants for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I. BACKGROUND

The *pro se* complaint only sparsely alleges any actual facts. Most of its allegations are conclusory or generalized statements unsupported by any particular factual allegations.

In his *pro se* complaint, Hyde alleges that police came to his rental property located at "912 Commerce[] [Street] in Shamokin[,] Pa." (Doc. 1, at 5). He alleges that he forced open a window after he was told, two days before, not to enter or he would be arrested. He also alleged that "Officer Slinsky" told him to leave the property or he would be arrested.

He also alleged that he did not suffer any physical injuries, but he lost a year of rental income, his only source of income. For relief, Hyde

requests reimbursement for the one year lost rental income and permission to enter the property to repair it.

Hyde does not allege any specific conduct by the City of Shamokin Police Department and Reed.

The *pro se* complaint alleges conduct by non-party "Officer Slinsky" that occurred four months before he filed his complaint, and there are no facts alleged to suggest any link between this incident and any of the named defendants.

## II.   LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Although a plaintiff is entitled to notice and an opportunity to respond to a motion to dismiss, he has no obligation to do so—he may opt to stand on the pleadings rather than file an opposition. The Court must nevertheless examine the complaint and determine whether it states a claim as a matter of law. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991); *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F2d 168, 174 (3d Cir. 1990).

"Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Nor is it required to credit factual allegations contradicted by indisputably authentic documents on which the complaint relies or matters of public record of which we may take judicial notice. *In re Washington Mut. Inc.*, 741 Fed. App'x 88, 91 n.3 (3d Cir. 2018); *Sourovelis v. City of Philadelphia*, 246 F. Supp. 3d 1058, 1075 (E.D. Pa. 2017); *Banks*

*v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588–89 (W.D. Pa. 2008).

## III. DISCUSSION

The plaintiff brings this action for damages under 42 U.S.C. § 1983. Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 does not create substantive rights, but instead provides remedies for rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). To establish a § 1983 claim, a plaintiff must establish that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995). To avoid dismissal for failure to state a claim, a civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

Hyde seeks to hold the Shamokin Police Department liable for the allegedly unconstitutional conduct of its subordinates.  Also, the *pro se* complaint brings a personal-capacity § 1983 damages claim against defendant Reed.  Other than identifying Reed as a "code officer," Hyde names Reed as a defendant, but he fails to allege any personal involvement by Reed. It is well established that "[c]ivil rights claims cannot be premised on a theory of *respondeat superior*. Rather, each named defendant must be shown . . . to have been personally involved in the events or occurrences which underlie a claim." *Millbrook v. United States*, 8 F. Supp. 3d 601, 613 (M.D. Pa. 2014) (citation omitted). As previously explained by the Third Circuit:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

*Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

### 1.     *Shamokin Police Department*

"On its face, § 1983 makes liable 'every person' who deprives another of civil rights under color of state law." *Burns v. Reid*, 500 U.S.

478, 497 (1991) (Scalia, J., concurring in part and dissenting in part). In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court of the United States established that municipalities and other local governmental units are included among those "persons" subject to liability under § 1983. *Id.* at 690. As a matter of law, Shamokin Police Department is merely a subunit of its respective municipality, and not a "person" subject to suit under § 1983. *See Terrell v. City of Harrisburg Police Dep't*, 549 F. Supp. 2d 671, 686 (M.D. Pa. 2008) (municipal police department); *Benard v. Washington County*, 465 F. Supp. 2d 461, 470 (W.D. Pa. 2006) (county sheriff's office). However, considering Hyde's status as a *pro se* plaintiff, the Court will liberally construe his claims against the Shamokin Police Department as having been asserted against the City of Shamokin which is a municipality subject to liability as a "person" under § 1983. *See Monell*, 436 U.S. at 694; *Mullholland v. Gov't County of Berks*, 706 F.3d 227, 237 (3d Cir. 2013) (county); *Postie v. Frederick*, 2015 WL 1219263, at *4 (M.D. Pa. Mar. 17, 2015) (township).

But "[u]nder *Monell*, a municipality cannot be subjected to liability solely because injuries were inflicted by its agents or employees." *Jiminez*

*v. All American Rathskeller, Inc.*, 503 F.3d 247, 249 (3d Cir. 2007). Rather, a municipality can be liable under § 1983 only if the conduct alleged to be unconstitutional either "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or is "visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." *Monell*, 436 U.S. at 690–91. "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Jiminez*, 503 F.3d at 249. "A plaintiff must identify the challenged policy, attribute it to the [municipality] itself, and show a causal link between execution of the policy and the injury suffered." *Losch v. Borough of Parkesburg*, 736 F.2d 903, 910 (3d Cir. 1984). The complaint in this case does not identify any such policy or custom adopted or promulgated by the City of Shamokin or its Police Department.

    Accordingly, all claims against the City of Shamokin (or its Police Department) will be dismissed for failure to state a claim.

### *2.  Officer Davit Reed's Personal Involvement*

As noted above, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs." *Rode*, 845 F.2d at 1207; *see also Millbrook*, 8 F. Supp. 3d at 613.  Here, the *pro se* complaint fails to allege any conduct whatsoever by City of Shamokin officer Davit Reed. Absent any specific allegations of personal involvement by this defendant, the plaintiff has failed to state a plausible § 1983 claim against him.  *See Simonton v. Ryland-Tanner*, 836 Fed. App'x 81, 84 (3d Cir. 2020) (per curiam); *Evancho*, 423 F.3d at 353; *see also Caristo*, 370 F. Supp. 3d at 569 n.21 ("Plaintiff must plead facts demonstrating the specific personal involvement of each Individual Defendant as to any Constitutional deprivations she alleges. Group pleading as to such matters will not suffice.").  Accordingly, the plaintiff's claims against defendant Reed will be dismissed as impermissibly vague, pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, and for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Because of our ruling on the motion, we will not address the immunity issues raised by defendant Reed.

## IV.   LEAVE TO AMEND

The Third Circuit has instructed that, if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile, *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). This instruction applies equally to *pro se* plaintiffs and those represented by counsel. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). It is not clear, however, that amendment would be futile, nor is there any basis to believe it would be inequitable. Therefore, the complaint will be dismissed with leave to amend.

An appropriate order follows.

Dated: December 16, 2022          *s/Joseph F. Saporito, Jr.*
                                  JOSEPH F. SAPORITO, JR.
                                  United States Magistrate Judge